-PS-0-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ALBERT ADEFEMI, A90 358 688,

              Petitioner,

        -v-

ALBERTO GONZALEZ, MICHAEL CHERTOFF,
DALE DAUZAT, DHS/BICE ET AL.,

              Respondents.

**DECISION and ORDER**
06-CV-0047E(Sc)

       Petitioner, Albert Adefemi, who is presently detained at the Tensas Detention Center in Waterproof, Louisiana and awaiting removal pursuant to a final order of removal entered by the Board of Immigration Appeals ("BIA") in 2000,[1] has filed a Petition for habeas corpus relief, pursuant to 28 U.S.C. § 2241, seeking an emergency stay of his removal to Nigeria. Petitioner, acting *pro se*, claims that he has been informed by his Deportation Officer in Louisiana that he will be transferred to the Buffalo Federal Detention Facility on or before January 30, 2006, in order to effect his removal to Nigeria. Petitioner submits that he is entitled to an emergency stay of his removal because he recently filed a motion to reopen his removal proceedings with the BIA, which he claims has a likelihood of success on the merits, and because he will suffer irreparable harm if a stay is not granted and he is removed to Nigeria. (Docket No. 1).

---

[1] A comprehensive procedural history of Petitioner's removal proceedings is set forth in *Adefemi v. Ashcroft*, 358 F.3d 828, 830-31 (11th Cir. 2004), *vacated*, 358 F.3d F.3d 828, 840 (11th Cir. 2004), *on rehearing en banc* 386 F.3d 1022 (11th Cir. 2004), *cert. denied*, ---U.S.---, 125 S.Ct. 2245 (2005).

Dockets.Justia.com

In October 2005, Petitioner filed a petition for habeas corpus relief in this Court challenging his continued detention pending removal. (*Adefemi v. Gonzalez, et al.*, 05-CV-0697E). Because Petitioner was challenging his then current physical detention and he was being detained at a detention facility in Waterproof, Louisiana, following a transfer from a detention facility within this District, the Petition was transferred, pursuant to 28 U.S.C. § 1631, to the Western District of Louisiana.[2] *See Rumsfeld v. Padilla*, 542 U.S. 426, 124 S.Ct. 2711, 2722, 159 L.Ed.2d 513 (2004); *see also Deng v. Garcia*, 352 F.Supp.2d 373 (E.D.N.Y. 2005) (holding "immediate physical custodian" rule of Padilla applies, and jurisdiction limited to district court of district of confinement, when petitioner challenges only present confinement, not order of removal); *Foncette v. Bureau of Immigration & Customs Enforcement*, NO. 05 CV 3218 (CBA), 2005 WL 2334374, *2 (E.D.N.Y. Sep 23, 2005) (same); *Drakoulis v. Ashcroft*, 356 F.Supp.2d 367, 371 (S.D.N.Y. 2005) (same).

Petitioner's removal proceedings have a long and tortured history beginning in 1993 when he was placed in deportation proceedings and culminating in an *en banc* decision of the Eleventh Circuit Court of Appeals in 2004, which vacated an earlier decision of a panel of that court and affirmed a determination of the BIA that Petitioner committed deportable offenses, was not eligible for a discretionary waiver of deportation, pursuant to section 212(c) of the Immigration and Nationality Act, as amended, 8 U.S.C. 1182(c), and

---

[2]According to a PACER Search, the Petition is still pending in the Western District of Louisiana, *Adefemi v. Gonzalez, et al.*, 05-CV-1861-RGK-KLH, and Petitioner has just recently filed a similar motion for an emergency stay of removal. Respondents in that matter have filed a response to the motion requesting the court to dismiss the Petition pursuant to the REAL ID Act, of 2005, Pub.L. No. 109-13, Div. B, Title I, § 106, 119 Stat. 231(codified at 8 U.S.C. § 1252), because the court has no jurisdiction to review a request for a stay of removal. The motion for a stay is still pending in that court.

was removable. *Adefemi v. Ashcroft*, 386 F.3d 1022 (11th Cir. 2004), *cert. denied*, ---U.S---, 125 S.Ct. 2245 (2005).

According to the Petition, Petitioner's weapons conviction in the State of Georgia, which Petitioner claims formed the basis of the BIA's final order of removal, was vacated on December 5, 2005. As a result of the vacatur of the weapons conviction, Petitioner filed a motion to reopen his removal proceedings with the BIA, which is still pending. It is the pendency of the motion to reopen and Petitioner's expected transfer to a detention facility within the territorial jurisdiction of this Court, which has presumably caused Petitioner to file the instant petition and request for a stay of removal in this Court. The immediate question for this Court is whether it has jurisdiction to review the merits of the request for a stay of removal because Petitioner is not presently detained within the territorial jurisdiction of this Court and because § 106(a) of the REAL ID Act of 2005, Pub.L. No. 109-13, Div. B, Title I, § 106, 119 Stat. 231(codified at 8 U.S.C. § 1252) ("REAL ID Act"), has stripped the federal district courts of jurisdiction over petitions for habeas corpus relief challenging final orders of removal and thereby stripped this Court of any jurisdiction to issue a stay of removal in this matter. For the following reasons, the Court finds that it does not have subject matter jurisdiction over the emergency request for a stay of removal because it does not have jurisdiction to review the underlying removal order and that the Petition should be transferred to the Eleventh Circuit Court of Appeals. *See* 28 U.S.C. § 1631.

In *Rumsfeld v. Padilla*, the Supreme Court articulated a bright line rule that in "core habeas proceedings"--*i.e.*, those challenging present physical confinement--"jurisdiction

3

lies in only one district: the district of confinement," and that "the proper respondent is the

warden of the facility where the prisoner is being held, not the Attorney General or some

other remote supervisory official." *Id.*, 542 U.S. at ---, 124 S.Ct. at 2718, 2722, 159 L.Ed.2d

513. However, in "non-core habeas proceedings"--*e.g.*, petitions challenging "something

other than present physical confinement," *Deng v. Garcia*, 352 F.Supp.2d 373, 375 (E.D.N.Y.

2005), the jurisdictional rules are not so well defined. *Id.* at 375 (*Ahrens v. Clark*, 335 U.S.

188, 193, 68 S.Ct. 1443, 92 L.Ed. 1898 (1948) (declining to decide whether the Attorney

General may be named as a respondent by an alien challenging a final order of removal);

*Padilla*, 542 U.S. at --- n. 8, 124 S.Ct. at 2718 n. 8, 159 L.Ed.2d 513 (noting the division

among lower courts on the question whether the Attorney General is a proper respondent in

a habeas petition filed by an alien challenging deportation and declined to resolve the

question; *Henderson v. INS*, 157 F.3d 106 (2d Cir.1998) (same as *Ahrens*). *But see*

*Batista-Taveras v. Ashcroft*, No. 03 Civ.1968, 2004 WL 2149095, at *6 (S.D.N.Y. Sept. 23,

2004) and *Garcia-Rivas v. Ashcroft*, No. 04 Civ. 292, 2004 WL 1534156, at *2 (S.D.N.Y. July

7, 2004) (both concluding that the Attorney General is a proper respondent in a habeas

petition filed by an alien challenging a final deportation order). If the Respondents named in

this matter, Alberto Gonzalez, Attorney General, Michael Chertoff, Secretary of Department

of Homeland Security, and Dale Dauzat (position unknown to Court) are proper respondents

in this non-core habeas proceeding, this Court may have jurisdiction over them. *See Deng*,

352 F.Supp.2d at 375. Because the Court finds that it does not have subject matter

jurisdiction over Petitioner's request for an emergency stay of removal, it need not resolve

this issue at this time.

Section 106(a)(1)(B) of the REAL ID Act amended Immigration and Nationality Act, § 242(a) by adding, *inter alia*, the following new jurisdictional provision:

> (5) Exclusive means of review. Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, [United States Code,] or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e) . . . .[3]

This Court would clearly have no jurisdiction to review Petitioner's final order of removal entered by the BIA in 2000 and later affirmed by the Eleventh Circuit in 2004 *Adefemi*, 386 F.3d at 1024, 1031, and, therefore, it can equally have no jurisdiction to entertain a request that an order of removal be stayed pending the disposition of a motion to reopen currently pending with the BIA. *See Rodney v. Gonzalez*, No. 05 CV 3407 (SLT/RML), 2006 WL 73731, at * 2 (E.D.N.Y., Jan. 10, 2006). Under the REAL ID Act, only the Eleventh Circuit would have jurisdiction to review Petitioner's final order of removal, INA, § 242(b)(2), 8 U.S.C. § 1252(b)(2),[4] and therefore petitioner's request for a stay of said removal order should have been filed with that Court.

---

[3]Pursuant to § 106(b) of the REAL ID Act, this provision became effective on May 11, 2005, and "appl[ies] to cases in which the final administrative order of removal, deportation, or exclusion was issued before, on, or after the date of the enactment of [the REAL ID Act]."

[4]The "appropriate court of appeals" is "the court of appeals for the judicial circuit in which the immigration judge completed the proceedings."

5

Because Petitioner has been advised by a Deportation Officer in Louisiana that he

is scheduled to be transferred to the Buffalo Federal Detention Facility on or about January

30, 2006, in order to effect his removal to Nigeria, this Court finds that if it were to dismiss

this matter for want of jurisdiction Petitioner may be denied an opportunity to obtain review

of his "emergency" request for a stay of removal and, therefore, this Court hereby finds

that, in the interest of justice, this matter should be transferred to the Eleventh Circuit Court

of Appeals pursuant to 28 U.S.C. § 1631.[5]  *See Paul v. I.N.S.*, 348 F.3d 43, 47-48 (2d Cir.

2003); *Cessay v. INS*, 977 F.Supp. 383, 384 (D. Md., 1997).

IT IS HEREBY ORDERED that Petitioner's Application to proceed as a poor person

(Docket No. 2) is granted and this matter is transferred to the United States Court of

Appeals for the Eleventh Circuit; and

FURTHER, that to inform Respondents of the filing of the Petition and Emergency

Request for a Stay of Removal and the transfer of this matter to the United States Court

of Appeals for the Eleventh Circuit, the Clerk of the Court shall serve the Petition (Docket

No. 1) and this Order upon the following:

•    Buffalo Field Office Director, Detention & Removal Office, Immigration and

Customs Enforcement Department of Homeland Security, 138 Delaware Avenue, Buffalo,

NY 14202;

---

[5]This Court notes that Petitioner had been previously detained in this District when he filed his earlier Petition in this Court challenging his present physical confinement, *Adefemi v. Gonzalez, et al.*, 05-CV-0697E, but was transferred to Waterproof, Louisiana thereby requiring the Court to transfer that Petition to the Western District of Louisiana.  This transfer arguably delayed review of that Petition.  While the Court is by no means questioning the transfers of Petitioner by the Bureau of Customs and Immigration Enforcement, it notes that the numerous transfers could impair Petitioner's ability to obtain review and may confuse him, a *pro se* litigant, as to where a petition should be filed.  This, along with the pendency of the motion to reopen based on what is claimed by Petitioner to be a recent vacatur of a state court conviction that was a basis for removal, and the lack of any evidence of bad faith on the part of Petitioner, all militate in favor of the Court exercising its discretion and transferring rather than dismissing this matter under § 1631.

- Secretary, U.S. Department of Homeland Security, Washington, D.C. 20528;

- Acting Director, Bureau of Immigration and Custom Enforcement, 425 I Street, NW Washington, DC 20536;

- Attorney General of the United States, Main Justice Building, 10th and Constitution Avenues N.W., Washington, DC 20530;

- United States Attorney for the Western District of New York, 138 Delaware Avenue, Buffalo, New York 14202;

- James W. Grable, District Counsel for the Department of Homeland Security, 130 Delaware Avenue, Room 203, Buffalo, New York 14202.

SO ORDERED.

Dated: _____ / / 30 ___, 2006
Buffalo, New York

WILLIAM M. SKRETNY
United States District Judge

7